IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LOUIS MEDLEY, III,** | : | **CIVIL ACTION NO. 1:17-CV-825** |
| Petitioner | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | |
| **J. BALTAZAR, WARDEN**, | : | |
| | : | |
| Respondent | : | |

# ORDER

AND NOW, this 26th day of June, 2017, upon consideration of the report (Doc. 4) of Magistrate Judge Martin C. Carlson, wherein Judge Carlson granted the motion (Doc. 2) for leave to proceed *in forma pauperis* filed by petitioner Louis Medley, III ("Medley"), but recommended that the court transfer his petition (Doc. 1) for writ of habeas corpus to the court where Medley was tried, convicted, and sentenced, to wit: the District of Columbia Superior Court, pursuant to 28 U.S.C. § 1404, which statute permits a federal district court to "transfer any civil action to any other district or division where it might have been brought," 28 U.S.C. § 1404(a), and it appearing that no party has objected to the report, see FED. R. CIV. P. 72(b)(2), and the court noting that failure of a party to timely object to a magistrate judge's conclusions "may result in forfeiture of *de novo* review at the district court level," Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (citing Henderson v. Carlson, 812 F.2d 874, 878-79 (3d Cir. 1987)), but that, as a matter of good practice, a district court should "afford some level of review to dispositive legal issues raised by the report," Henderson, 812 F.2d 878; see also Taylor v. Comm'r of Soc. Sec., 83 F. Supp. 3d 625, 626 (M.D. Pa. 2015)

(citing Univac Dental Co. v. Dentsply Int'l, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010)), in order to "satisfy itself that there is no clear error on the face of the record," FED. R. CIV. P. 72(b), advisory committee notes, and, following independent review of the record, the court being in agreement with Judge Carlson's recommendation that this matter be transferred, and disagreeing only to the extent of the recommended transferee forum, the District of Columbia Superior Court, because Section 1404(a) speaks only to transfer within the federal court system, Pope v. Atl. Coast Line R. Co., 345 U.S. 379, 384 (1953), and does not empower federal courts to transfer cases to state courts, see Utility Lines Const. Servs. Inc. v. HOTI, Inc., 799 F. Supp. 2d 331, 339 (D. Del. 2011) (quoting Pan Am Flight 73 Liaison Grp. v. Dave, 711 F. Supp. 2d 13, 20 n.3 (D.D.C. 2010)),[1] but the court determining that transfer to the United States District Court for the District of Columbia is appropriate, as that district embraces the state court that sentenced Medley, see 28 U.S.C. § 2241(d); see, e.g., Pearson v. Hollingsworth, No. 16-1860, 2016 WL 2624908, at *2-3 (D.N.J. May 9, 2016); Ganeous v. Zickefoose, No. 3:14-CV-443, 2014 WL 2940583, at *4-5 (M.D. Pa. June 30, 2014), and concluding that the interests of justice support transfer of the above-captioned action rather than outright dismissal thereof, it is hereby ORDERED that:

---

[1] Nor is transfer to state court authorized by 28 U.S.C. § 1631, which permits transfer in the interests of justice to cure want of jurisdiction. See 28 U.S.C. § 1631. That statute, like 28 U.S.C. § 1404(a), is "directed to the federal court system" and "does not . . . provide for" transfer to a state court. McLaughlin v. Arco Polymers, Inc., 721 F.2d 426, 428-29 (3d Cir. 1983).

2

1. The report (Doc. 4) of Magistrate Judge Carlson is ADOPTED in part to the extent described hereinabove.
2. The Clerk of Court is directed to TRANSFER the above-captioned matter to the United States District Court for the District of Columbia.
3. The Clerk of Court is directed to thereafter CLOSE this case.

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania