UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LOUIS M. MEDLEY, III, | ) |
| Petitioner, | ) |
| v. | ) No. 17-cv-1168 (KBJ) |
| J. BALTAZAR, WARDEN, | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Petitioner Louis M. Medley, III, was convicted of first degree murder while armed, among other offenses, in the Superior Court of the District of Columbia; he is serving an aggregate term of 840 months' incarceration. *See* Pet. ¶¶ 1-6; *see generally id*., Ex. G.[1] He has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in which he raises an ineffective assistance of counsel claim. According to Petitioner, counsel failed to discover and to present evidence of his mental health. *See id*., Attach. at 1-5. Had counsel done so, Petitioner allegedly would have been found incompetent to stand trial, *see id*., Attach. at 1, innocent of the crimes, *see id*., Attach. at 5, was temporarily insane at the time he committed his crimes, *see id*., Attach. at 5, 7, or otherwise would not have been criminally liable, *see id*., Attach. at 2, 6-7. He has asked this "Court to vacate counts 1 through 18 of the indictment and grant his immediate release from custody[.]" *Id*., Attach. at 8.

---

[1] Petitioner submits his petition on a preprinted form ("Pet."), eight typewritten pages ("Attach."), and seven exhibits ("Ex."). The Court refers to the petition by paragraph number, to the attachment by the page numbers Petitioner has designated, and to the exhibits by the letters Petitioner has designated.

1

A federal district court may issue a writ of habeas corpus "[on] behalf of a person in custody pursuant to the judgment of a State court" if he "is in custody in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a). For purposes of § 2254, the local courts of the District of Columbia are considered state courts. *See Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976). However, "a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay*, 794 F.2d 722, 726 (D.C. Cir.) (internal quotation marks, citation and footnote omitted), *cert. denied*, 479 U.S. 993 (1986). The local remedy *Garris* references is D.C. Code § 23-110, under which a person convicted and sentenced in the Superior Court "may move the court to vacate, set aside, or correct the sentence." D.C. Code § 23-110(a).

The Court concludes that Petitioner has no recourse in this federal district court. "A motion to vacate sentence under [§] 23-110 is the standard means of raising a claim of ineffective assistance of trial counsel," *Garmon v. United States*, 684 A.2d 327, 330 n.3 (D.C. 1996) (citation omitted), and "the § 23-110 remedy is neither inadequate nor ineffective to test the legality of a D.C. prisoner's conviction where he has raised a claim of actual innocence," *Moore v. United States*, __ F. Supp. 3d __, __, 2017 WL 2274467, at *2 (D.D.C. May 24, 2017) (internal quotation marks and citations omitted). The petition, therefore, will be dismissed. An Order is issued separately.

DATE: August 4, 2017         /s/
                                             KETANJI BROWN JACKSON
                                             United States District Judge